# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **PLAIN LOCAL SCHOOL DISTRICT BOARD OF EDUCATION, et al.,** ) | **Case No. 5:20MC30** |
| ) | |
| **Plaintiffs,** ) | **Judge Dan Aaron Polster** |
| ) | |
| **v.** ) | <u>**OPINION AND ORDER**</u> |
| ) | |
| **MIKE DEWINE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

This matter is before the Court for disposition of the motion to quash subpoenas filed by fifteen non-parties ("Movants") in the above captioned case. Doc #: 1. Movants move for this Court to quash the subpoenas issued by Plaintiffs. Plaintiffs filed a brief in opposition. Doc #: 3. Movants filed a reply brief in support. Doc #: 4.

Because Movants fail to satisfy their burden of persuading the Court that the subpoenas should be quashed, Movants' motion to quash is **DENIED**.

## I.    Background

In the underlying case,[1] Plaintiffs seek, among other things, declaratory judgement that Ohio Rev. Code Ann. § 3311.242 (the "Fast-Track Transfer Statute") and the transfer petitions filed under the Fast-Track Transfer Statute violate the Fourteenth Amendment to the U.S. Constitution. Doc #: 3-1 at 23. The Fast-Track Transfer Statute lets school districts transfer

---

[1] This matter relates to a case pending before the Southern District of Ohio (Case No. 2:19-cv-05086). As the Northern District of Ohio is the place of compliance, Movants' motion to quash is properly before the Court. *See* Fed. R. Civ. P. 45(c)(2)(A).

territory so long as ten percent of the electors residing in the territory seeking to be transferred sign a petition requesting such a transfer and the proposed transfer is approved by a simple majority of the electors within the territory to be transferred. Doc #: 3-1 at 7.

The Fast-Track Transfer Statute's process stands in stark contrast to the general school district territory transfer process set forth in Ohio Rev. Code Ann. §§ 3311.06, 3311.24 and Ohio Administrative Code § 3301-89 (collectively the "General Transfer Statute"). Doc #: 3-1 at 7. Under the General Transfer Statute, proposed transfers must be evaluated by an independent hearing officer, who considers factors including whether the proposed transfer will cause, preserve, or increase racial isolation when determining whether the transfer is in the best interest of the affected pupils. Doc #: 3-1 at 7.

Plaintiffs allege that the community of Hills & Dales, a community within the Plain Local School District, initially petitioned for a territory transfer under the General Transfer Statute. Doc #: 3-1 at 14. This petition was denied because it lacked rational basis, it would have a detrimental effect of Plain Local Schools' programs and operations, and it would have increased racial and socioeconomic disparities. Doc #: 3-1 at 14-15. Hills & Dales allegedly then influenced the Ohio Legislature to create the Fast-Track Transfer Statute. Doc #: 3-1 at 15-19. Upon the creation of the Fast-Track Transfer Statute, Hills & Dales petitioned for the same area to be transferred under the Fast-Track Transfer Statute. Doc #: 3-1 at 21. Plaintiffs then filed suit.

Plaintiffs issued subpoenas duces tecum demanding that the Movants produce documents related the creation of the Fast-Track Transfer Statute and the Village of Hills and Dales' transfer petitions. The Movants consist of individuals who held political offices during the relevant time and individuals who had some involvement with the transfer petitions.

## II.    Discussion

Movants assert that the subpoenas should be quashed because the subpoenas: (1) seek irrelevant information; (2) unduly burden Movants; and (3) request privileged information. Before the Court reaches these substantive issues, the Court must address procedural issues Plaintiffs raise.

### A.  Procedural Issues

Plaintiffs assert that the Court should not hear the motion because Movants failed to comply with Federal Rule of Civil Procedure 4(c)(1) and Local Rule 37.1. Doc #: 3 at 7-9. This argument is meritless.

Federal Rule of Civil Procedure 4(c)(1) provides that "[a] summons must be served with a copy of the complaint." Plaintiffs argue, without support, that Rule 4(c)(1) requires that a summons be served whenever a new case is begun. Doc #: 3 at 7. Because the motion to quash began a new case before the Northern District of Ohio, Plaintiffs assert that Movants were required to serve them with a summons. Doc #: 3 at 7-8. Plaintiffs continue that because they were not served with a summons, the Court does not have personal jurisdiction over them. Doc #: 3 at 8.

The Court disagrees. Rule 4(c)(1) requires a summons be served upon the filing of a complaint, not any document which begins a case. As Movants assert, the motion to quash is a "written motion." Doc #: 4 at 2. As such, its service requirements are controlled by Rule 5 and have been satisfied here. Doc #: 4 at 2. Thus, Movants were not required to serve Plaintiffs with a summons and the Court does have personal jurisdiction over Plaintiffs.

Plaintiffs' argument regarding Local Rule 37.1 fares no better.  Local Rule 37.1 requires that before a discovery dispute is referred to a judicial officer, the party seeking the disputed discovery must certify to the court that they made sincere, good faith efforts to resolve the dispute.

Loc. R. 37.1(a)(1). Plaintiffs assert that Movants cannot make this certification because there was no attempt to resolve this discovery dispute. Doc #: 3 at 9. Movants argue that Local Rule 37.1 does not apply because Movants are not a "party seeking the disputed discovery". Doc #: 4 at 3.

Movants are wrong. The Northern District has applied Local Rule 37.1 to non-parties seeking to quash subpoenas. *Hopp v. Arthur J. Gallaagher & Co.*, Case No. 1:18-cv-507, 2019 U.S. Dist. LEXIS 1780, at *4 (N.D. Ohio Jan. 4, 2019) (declining to summarily dismiss a motion to quash under Local Rule 37.1 where the parties engaged in an arguably half-hearted attempt to resolve the discovery dispute).

Summary dismissal is inappropriate here, however, because Movants' Counsel asserts that he twice invited conversation with Plaintiffs' counsel to resolve the present discovery dispute and that Plaintiffs' counsel never responded. Doc #: 4 at 4. While this post hoc assertion is not the "good faith effort" courts encourage parties engage in to comply with Local Rule 37.1, it is enough in this case for the Court to reach the substance of the motion to quash.

### B. Substantive Issues

The Federal Rules of Civil Procedure grant parties the right to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). While relevancy is broad, "district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (citing Fed. R. Civ. P. 26(b)92).

Federal Rule of Civil Procedure 45 permits a party to issue a subpoena commanding a non-party to produce documents. Fed. R. Civ. P. 45(a)(1)(A)(iii).  A district court must quash a subpoena that "requires disclosure of privilege or other protected matter[s] . . . or subjects a person

to undue burden." Fed. R. Civ. P. 45(d)(3)(a)(iii)-(iv). The burden of persuading the Court that the subpoena should be quashed rests on the movant. *Hopp*, 2019 U.S. Dist. LEXIS 1780 at *4.

Movants assert that their motion to quash should be granted because the subpoenas: (1) seek irrelevant information; (2) unduly burden Movants; and (3) requests privileged information.

### 1. Irrelevant Information

As explained above, parties have the right to obtain discovery regarding information relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). The Court finds that the subpoenas request relevant information.

Movants first argue that the subpoenas request irrelevant information because Plaintiffs' Complaint does not allege discriminatory intent from anyone associated with the Village. Doc #: 1 at 7. As to this point, the Court declines to narrowly construe a complaint assigned to a judge in the Southern District of Ohio. A review of the complaint reveals that Plaintiffs allege that "R.C. § 3311.242 [and] the 2019 Hills & Dales Request . . . were motivated, at least in part, by a discriminatory intent . . . ." Doc #: 3-1 at 25. This allegation is sufficient for the Court to find that Plaintiffs raise a discriminatory intent claim.

Second, Movants argue that the requested documents are not relevant because the communications of private citizens are not considered when determining the constitutionality of a statute. Doc #: 1 at 7; 4 at 7. They argue, relying on *Phelps-Roper v. Heineman*, No. 4:09CV3268, 2014 WL 562843, (D. Neb. Feb. 11, 2014), that the only relevant evidence of discriminatory intent is the plain text of the statute and, perhaps, the statute's legislative history. Doc #: 4 at 7-8.

Movants are patently wrong. The Supreme Court explained that courts may consider (1) the impact of the challenged actions; (2) the historical background or sequence of events leading up to the action; and (3) the legislative history of the action when determining whether

discriminatory intent existed in an Equal Protection Clause case. *Village of Arlington Heights v. Metro Hous. Dev. Corp.*, 429 U.S. 252, 267 (1977); *E.g. Mich State A. Philip Randolph Inst. v. Johnson*, CIVIL ACTION NO. 16-cv-11844, 2018 U.S. Dist. LEXIS 87623, at *15 (E.D. Mich. Jan. 4, 2018).

Plaintiffs' subpoenas seek information concerning the background and sequence of events leading up to the creation of R.C. § 3311.242 and the transfer petitions. Under Supreme Court precedent, these requests are clearly relevant to Plaintiffs' discriminatory intent claim.

Furthermore, Movants' counsel, who also represents defendants in the underlying case, appears to agree that the requested information is relevant. When asked in interrogatories to identify persons with relevant information, defendants named several of the Movants. Doc #: 3-2 at 4. Thus, the Court finds that the subpoenas request relevant information.

## 2. Unduly Burden

Movants also failed to persuade the Court that the subpoenas should be quashed because they are unduly burdensome.

Movants argue that as non-parties, they "should not be burdened with the annoyance and expense of producing documents obtainable from parties in the litigation." Doc #: 1 at 5. Movants clarify in their reply brief that they "do not categorically claim they do not possess any information" concerning the underlying case, but that the "requests seek information that is . . . obtainable from the parties . . . ." Doc #: 4 at 5.

As Plaintiffs assert, Movants have failed to explain how producing these documents would be burdensome to them or allege with any degree of specificity which of the requested documents

are in the possession of parties. Doc #: 3 at 11. Movants' bare assertion is insufficient to satisfy their burden of persuasion.[2]

This conclusion is reinforced with the fact that Movants are not random third-parties. Rather, Movants are elected officials and/or individuals who were involved in the transfer petitions or the movement to enact Ohio Rev. Code Ann. § 3311.242. Several Movants were even specifically named by in the defendants' interrogatory response as having relevant information. Doc #: 3-2 at 4.

Thus, Movants have failed to persuade the Court that the subpoenas are unduly burdensome.

### 3. Privileged Information

Finally, Movants failed to persuade the Court that the subpoenas should be quashed to protect their privileged information.

Movants ask the Court to quash the subpoenas because the subpoenas request information protected by the attorney-client and marital communication privileges. Doc #: 1 at 8-9. Movants do not explain why the subpoenas should be quashed in their entirety to protect an undisclosed number of privileged documents. Presumably, Movants do not allege that every requested document is privileged.

Movants' argument is undermined by the very subpoenas they seek to quash. The subpoenas do not demand that Movants produce privileged documents. Rather, the subpoenas

---

[2] Plaintiffs cite *In re Heparin Products Liab. Litigation,* 273 F.R.D. 399, 410-11 (N.D. 2011) for the proposition that Movants must recite facts showing that the production would impose undue burden or expense. Doc #: 3 at 12. Movants argue that *Heparin* is disguisable as it involved a subpoena against parties, not non-parties. Doc #: 4 at 5. Whether *Heparin* is on point does not matter. Movants have the burden of persuasion. The bare assertion that the subpoenas are unduly burdensome cannot satisfy Movants' burden in this case.

demand that a privilege log be created for the documents withheld as privileged. Because privileged documents will be protected, there is no need to quash the subpoenas.

### III.    Conclusion

For the above reasons, Movants have failed to meet their burden of persuading the Court that the subpoenas should be quashed. Accordingly, Movants' motion to quash, **Doc #: 1**, is **DENIED**.


**IT IS SO ORDERED.**


*/s/ Dan A. Polster_____   __March 18, 2020*
**Dan Aaron Polster**
**United States District Judge**